IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINJAN, INC, <br><br>     Plaintiff, <br><br> v. <br><br> WEBSENSE, INC, <br><br>     Defendant. <br> _____ / | No. C 13-04398 JSW <br><br> **ORDER APPOINTING A SPECIAL MASTER** |

Pursuant to the stipulation of the parties, the Court HEREBY APPOINTS in this matter Alexander (Lex) Brainerd as Special Master. Pursuant to this Order, the duties of the Special Master shall be as follows:

1. The Special Master may prepare other Reports and Recommendations as determined to be necessary and appropriate by the Court to aid in the just and efficient resolution of the parties' disputes. The parties may file any objections or motions to modify or adopt any Report and Recommendation pursuant to Federal Rule of Civil Procedure 53(f), by no later than five court days after the date the Report is issued. The parties may file a response to the opposing party's Rule 53(f) submission within five court days thereafter.

2. The Court specifically hereby refers to the Special Master to conduct a conference with the parties in order to determine whether the number of claims or the prior art asserted should be limited. If the parties cannot resolve their dispute on this issue, with the assistance of the Special Master, the Special Master shall file a report and recommendation as to

whether the number of claims or the prior art asserted should be limited.  The report and recommendation shall be filed by no later than April 25, 2014.

3. Additionally, the Court refers to the Special Master to conduct a conference with the parties in order to determine whether Finjan should be allowed to amend its complaint to assert U.S. Patent No. 8,677,494, and if so, whether and how the related deadlines in this case should be altered.  If the parties cannot resolve their dispute on this issue, with the assistance of the Special Master, the Special Master shall file a report and recommendation as to whether Finjan should be allowed to amend its complaint to assert the '494 Patent, and if so, whether and how the related deadlines in this case should be altered.  The report and recommendation shall be filed by no later than April 25, 2014.

4. The Special Master shall have the authority to set the date, time and place for all hearings determined to be necessary; to preside over hearings (whether telephonic or in person); to receive additional evidence or briefing in connection with any dispute.  In addition, the Special Master shall have full authority pursuant to Federal Rule of Civil Procedure 53(c)(1), (2).

5. A court reporter shall transcribe any hearing or other proceeding before the Special Master, unless otherwise agreed to by the parties and the Special Master.

6. The cost of any proceeding before the Special Master, including the fees of the Special Master, the fees of court reporters who transcribe hearings or other proceedings before the Special Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Special Master shall be paid one-half by Plaintiffs and one-half by Defendants, consistent with the Federal Rules of Civil Procedure.  However, in making his Report, the Special Master may recommend whether the fees and costs incurred in connection with any particular proceeding should be allocated in a different fashion, based on the fault of one or both parties.

7. The Special Master shall be compensated according to his regular and customary hourly rate, plus reasonable expenses.

8. The Special Master shall not have *ex parte* communications with parties or counsel. In order to effectuate his duties, and with the consent of the parties, the Special Master shall be permitted to communicate with this Court on an *ex parte* basis.

9. If the Special Master requests further briefing or additional materials to be submitted, the parties shall file with the Clerk the original materials and shall serve a courtesy copy on the Special Master. The parties need not serve a courtesy copy on chambers. The parties shall follow the procedures set forth in Northern District Civil Local Rule 79-5 with respect to any documents that are requested to be filed under seal.

10. The Special Master is hereby authorized to receive and consider information and documents designated "Confidential" and "Highly Confidential Attorneys' Eyes Only" pursuant to the Stipulated Protective Order which shall be entered in this matter. The Special Master agrees to be bound by said Protective Order.

11. The Special Master shall preserve and maintain all documents and materials submitted by the parties as well as any interim orders and the Report issued by the Special Master. These documents, materials, orders, reports and recommendations shall be the record of the Special Master's activities and shall be maintained in chronological order until the resolution of this matter.

12. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with all reasonable diligence.

13. Based on representations by Alexander (Lex) Brainerd, pursuant to 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not aware that he has a relationship to the parties, to counsel, to the action, or to the Court that would require disqualification of a judge under 28 U.S.C. § 455, and based thereon, the parties expressly waive any ground for disqualification of Alexander (Lex) Brainerd to serve as Special Master in this proceeding.

///

///

///

The parties shall serve a copy of this Order on Alexander (Lex) Brainerd by no later than March 25, 2014.

**IT IS SO ORDERED.**

Dated: March 24, 2014



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE