COOLEY LLP
ANTHONY M. STIEGLER (Bar No. 126414)
(astiegler@cooley.com)
PAUL BATCHER (Bar No. 266928)
(pbatcher@cooley.com)
BRIAN LAM (Bar No. 272624)
(blam@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:      (858) 550-6420

ORION ARMON (*pro hac vice*)
(oarmon@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

Attorneys for Websense, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>WEBSENSE, INC., a Delaware Corporation,<br><br>Defendant. | Case No.  13-cv-04398 JSW (KAW)<br><br>**WEBSENSE, INC.'S MOTION TO CONSOLIDATE CASES**<br><br>Date:    April 21, 2014<br>Time:   2:00 p.m.<br>Ctrm:   JAMS, San Francisco, Ste. 1500<br>Judge:  Special Master Alexander Brainerd |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

**Table of Contents**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 3 |
| III. | ARGUMENT | 4 |
|  | A. Legal Standard | 4 |
|  | B. The Cases Involve Common Questions of Law and Fact and Should Be Consolidated | 4 |
|  | C. Considerations of Prejudice Favor Consolidation | 6 |
|  | D. The Court Should Adopt Websense's Proposed Schedule | 7 |
|  | E. The Equities Favor Consolidation and Adoption of Websense's Proposed Schedule | 8 |
| IV. | CONCLUSION | 9 |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

i.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

## Table of Authorities

**Page(s)**

**Cases**

*Ho Keung Tse v. Apple, Inc.*,
  2013 WL 451639 (N.D. Cal. Feb. 5, 2013) ................................................................................ 4, 6

*Investors Research Co. v. U.S. Dist. Ct.*,
  877 F.2d 777 (9th Cir. 1989) ........................................................................................................ 4

*Paxonet Commc'ns, Inc. v. TranSwitch Corp.*,
  303 F. Supp. 2d 1027 (N.D. Cal. 2003) ....................................................................................... 5

*Siegall v. Tibco Software, Inc.*,
  2006 WL 1050173 (N.D. Cal. Feb. 24, 2006) .............................................................................. 4

*Solannex, Inc. v. Miasole, Inc.*,
  2013 WL 430984 (N.D. Cal. Feb. 1, 2013) ............................................................................. 4, 6

*Team Enters., LLC v. W. Inv. Real Estate Trust*,
  2008 WL 4712759 (E.D. Cal. Oct. 23, 2008) ............................................................................... 4

*Zhu v. UCBH Holdings, Inc.*,
  682 F. Supp. 2d 1049 (N.D. Cal. 2010) ....................................................................................... 4

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

ii.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

**NOTICE OF MOTION AND MOTION TO CONSOLIDATE CASES**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 21, 2014 at 2:00 p.m. (D.I. 52), or as soon thereafter as this motion may be heard, Websense Inc. ("Websense") will and hereby does move for an order consolidating Case No. 14-cv-1353 with Case No. 13-cv-4398, and modifying the schedule in Case No. 13-cv-4398 as set forth below.

**STATEMENT OF RELIEF SOUGHT**

Websense seeks an order consolidating Case No. 14-cv-1353 with Case No. 13-cv-4398. Websense further seeks an order modifying the case schedule in Case No. 13-cv-4398 as set forth in Appendix A hereto.

**QUESTIONS PRESENTED**

1. To prevent the potential for inconsistent adjudications, and to reduce the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact, should Case No. 14-cv-1353 be consolidated with Case No. 13-cv-4398?

2. If the cases are consolidated or the '494 patent is otherwise added to this action, should Websense's proposed schedule be adopted to provide reasonable deadlines for the parties to prepare infringement and invalidity contentions and to conduct claim construction?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Websense respectfully requests that the Court consolidate this lawsuit with Finjan's newly-filed lawsuit (Civil Action No. 14-cv-1353) involving closely-related U.S. Patent No. 8,677,494 (the "'494 patent"). The procedural posture and facts underlying this motion present a textbook scenario for consolidation. Consolidation will benefit all parties and the Court by making adjudication of two disputes with heavily overlapping claims and defenses more efficient and less costly. The cases involve the same parties, attorneys, accused products, and closely related patents that descend from common parent patents. And only minor scheduling adjustments will be required to effect consolidation because this case has barely commenced.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

1  Consolidating these cases for discovery, claim construction, and trial simply makes sense.

2  Finjan opposes consolidation, arguing that Websense's proposed scheduling adjustments extend the current schedule too much—despite the fact that Websense's scheduling adjustments only delay the current schedule by a mere two weeks. Finjan's arguments are premised on an unreasonable assumption that the Court should rescind its recent order (D.I. 52) that extended all deadlines by sixty days while the issue of the '494 patent is addressed. Absent that unrealistic assumption, the parties' proposed schedules are very similar. Rescission of the Court's prior order would cause Websense the very prejudice that the order addressed.

This motion for consolidation only arises (and Finjan's new lawsuit was only filed) because the '494 patent issued <u>after</u> the deadline to amend pleadings and Finjan, despite knowing it was going to issue since October 2013, did nothing to raise it with the Court or counsel by the time of the February 14, 2014 Rule 26 conference. Finjan made a tactical decision to remain silent regarding its intention to sue Websense on the '494 patent and thereby precluded the Court and counsel from fashioning a scheduling order that would accommodate the late addition of the '494 to the existing case. Finjan then sought leave to amend its Complaint too late for the parties to confer at all on the scheduling adjustments necessitated by the addition of a patent to this case. Although the overlapping case issue is a problem Finjan created, Finjan refuses to join this motion and instead proposes an accelerated schedule for its new case that shifts a heavy burden onto Websense to synchronize the old and new lawsuits. The scheduling problems arising from Finjan's assertion of a new patent are of Finjan's own making and, if there is any burden caused, it is Finjan that should bear it.

Websense's proposed consolidation schedule relieves both parties of the burdens associated with Finjan's late filing and addition of the '494 patent. The Court should, therefore, consolidate the two cases and enter Websense's proposed schedule, which puts the case <u>less than two weeks</u> behind the existing case schedule, and which allows <u>all</u> parties adequate time to prepare infringement contentions, invalidity contentions, and to develop their claim construction positions.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

## II. FACTUAL BACKGROUND

Finjan filed the complaint in this action on September 23, 2013. (D.I. 1.) In its complaint, Finjan asserted 4 patents: U.S. Patent No. 7,058,822 (the "'822 patent"), U.S. Patent No. 7,647,633 (the "'633 patent"), U.S. Patent No. 8,225,408 (the "'408 patent"), and U.S. Patent No. 8,141,154 (the "'154 patent"). (D.I. 1.) The patents generally relate to computer security software. Finjan alleges infringement by Websense's Web Security Gateway, TRITON, and Data Security products, and its ThreatSeeker technology. (*Id.*)

The Court held an initial case management conference on February 14, 2014 and set a schedule for the case through claim construction. (D.I. 38.) Among the dates set by the Court was a February 28, 2014 deadline for serving infringement contentions, a March 17, 2014 deadline to amend pleadings, and an April 14, 2014 deadline for invalidity contentions. (D.I. 35, 38.) The Court scheduled a claim construction hearing on September 29, 2014. (D.I. 38.)

Finjan served infringement contentions on February 28, 2014. (Batcher Decl.[1] ¶ 2.) On March 17, 2014 the deadline to amend pleadings, Finjan requested an extension to allow it to amend its complaint to assert U.S. Patent No. 8,677,494 (the "'494 patent"), which was scheduled to issue on March 18, 2014. (*Id.* ¶ 3.) But Finjan failed to propose any schedule modifications to accommodate the '494 patent, and Finjan omitted the '494 patent from its infringement contentions. (*Id.* ¶¶ 2-3.) At that point, Websense's invalidity contentions were due in less than one month, and it had no idea which claims in the '494 patent Finjan was asserting. Websense was unable to agree to the extension because it had no assurances that the overall case schedule would be adjusted to provide it a fair opportunity to prepare invalidity contentions. (*Id.*) Accordingly, Finjan filed a motion to extend the time to amend its complaint, Websense opposed, and the Court denied the motion on March 24, 2014. (D.I. 45, 48, 50.) In its order, the Court held that Finjan had not shown good cause to extend the deadline, continued all case deadlines by sixty days, and directed the parties to work with the Special Master to determine how to deal with

---

[1] "Batcher Decl." refers to the Declaration of Paul Batcher in Support of Websense, Inc.'s Motion to Consolidate.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

1  the '494 patent. (D.I. 50.) The same day the Court's order issued, Finjan filed a new complaint
2  in Case No. 14-cv-1353, alleging that Websense's Web Security Gateway, TRITON, and Data
3  Security products, and its ThreatSeeker technology infringe the '494 patent. (Batcher Decl. Ex.
4  A, ¶ 23.) This motion results from the parties' inability to reach agreement on the issue of
5  consolidation.

### III. ARGUMENT

#### A. Legal Standard.

Under Rule 42(a), a district court may consolidate actions that "involve a common question of law or fact." Courts have "broad discretion" to determine whether consolidation is appropriate. *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate, courts "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotations and citations omitted).

The purpose of consolidation is to prevent "inconsistent adjudications" (*Team Enters., LLC v. W. Inv. Real Estate Trust*, Nos. 1:08-cv-00872-LJO-SMS, 1:08-cv-01050-LJO-SMS, 2008 WL 4712759, at *1 (E.D. Cal. Oct. 23, 2008)) and to reduce "the unnecessary costs or delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact" (*Siegall v. Tibco Software, Inc.*, 2006 WL 1050173, at *2 (N.D. Cal. Feb. 24, 2006)).

While district courts have broad discretion in determining whether to consolidate, consolidation is favored. *Ho Keung Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013). "[I]n the patent context, cases with the same basic technology, the same parties, and the same alleged infringing actions may be consolidated in the interests of judicial economy." *Solannex, Inc. v. Miasole, Inc.*, Nos. CV 11-00171 PSG, CV 12-00832 PSG, 2013 WL 430984, at *2 (N.D. Cal. Feb. 1, 2013).

#### B. The Cases Involve Common Questions of Law and Fact and Should Be Consolidated.

The two cases at issue here should be consolidated because they involve the same parties, the same counsel, the same allegedly infringing products, the same general technology, and

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

4.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

related patents. Accordingly, consolidation would promote judicial economy and result in more efficient adjudication of Finjan's infringement claims, saving the parties significant amounts of legal fees and costs and saving the court a separate trial on related matters.

The factual overlap between the cases is so extensive that they are nearly indistinguishable. Finjan is the plaintiff and Websense is the defendant in both cases. (*See* D.I. 1; Batcher Decl. Ex. A.) The parties' outside counsel are the same in both cases. (D.I. 1; Batcher Decl. Ex. A.) And Finjan accuses the same Websense products of infringement in both cases. (D.I. 1 ¶ 32; Batcher Decl. Ex. A ¶ 23.) Indeed, the same parties and counsel tried a similar case to jury verdict in Delaware in 2012 and plaintiff's counsel is intimately familiar with Websense's products. (Batcher Dec. ¶ 4.)

Although a different patent is asserted in the second action, the patents in both cases are related and involve the same basic technology. (D.I. 1 ¶¶ 10-21; Batcher Decl. Ex. A ¶¶ 10-12.) Courts in this district recognize that the assertion of related patents in different cases strongly favors consolidation. *See Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (consolidation would serve judicial efficiency where the technology involved in different patents in two suits was related). The close relationship between the patents is apparent on the face of each patent. The '494, '822, and '633 patents all pertain to "a system and methods for protecting network-connectable devices from undesirable downloadable operation." (D.I. 1 Exs. A & B; Batcher Decl. Ex. B.) The '408 and '154 patents also pertain to protecting computer systems from malicious computer code. (D.I. 1 Exs. C & D.) And patents asserted in both cases share a common genealogy. The '494 patent is the great-grandchild of the '822 patent, which is asserted in this case. (Batcher Decl. Ex. B.) Further, both the '494 and '408 patents belong to a lineage that began with the '194 patent, which was the patent tried in Delaware. (D.I. 1 Ex. C; Batcher Decl. Ex. B.)

The relatedness of the patents is further underscored by the fact that four of the five patents share common inventors. The named inventors on the '494 patent are Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll, and Shlomo Touboul. (Batcher Decl. Ex. B.) One or more of these individuals is also a named inventor on the '822, '633, and '408 patents. (D.I. 1

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

5.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

1  Exs. A-C.) And patent attorney Dawn-Marie Bey was involved in the prosecution of all five
2  patents. (D.I. 1 Exs. C-D; Batcher Decl. Ex. B-D.) The extensive overlap between the
3  technology, parties, and patents, emphasizes that judicial economy and the interests of the parties
4  would all be furthered by consolidating the two actions so that claim construction, discovery, and
5  trial can be coordinated.

6        The appropriateness of consolidation is further confirmed by two recent decisions by other
7  courts in the Northern District which consolidated cases on similar facts. First, in *Solannex*, the
8  plaintiff filed a first suit against the defendant, then initiated a second suit against the same
9  defendant to assert patents that had issued since the filing of the first suit. *Solannex*, 2013 WL
10  430984, at *1. The court held that the cases should be consolidated because "[b]oth cases are
11  patent infringement cases involving the same parties, the same accused products, and similar
12  patents from the same family describing similar technology." *Id.* at *2. Second, in *Ho Keung*
13  *Tse*, the plaintiff sued defendant Apple, Inc. ("Apple") in two separate cases. *Ho Keung Tse*,
14  2013 WL 451639, at *1-2. In each case, plaintiff asserted that Apple infringed its '797 patent, but
15  accused a different Apple service in each case. *Id.* The court held that consolidation was
16  appropriate in part because the cases "will require the Court and jury to understand the same
17  technology. . . ." *Id.* at *3. The cases here should be consolidated for the same reasons.

18        **C.    Considerations of Prejudice Favor Consolidation.**

19        Consideration of prejudice to the parties also favors consolidation. On the one hand,
20  Finjan will suffer no prejudice from consolidation of the two cases, other than minor
21  inconvenience associated with an insignificant extension of the current case schedule as proposed
22  by Websense. Indeed, Finjan favored <u>and sought</u> inclusion of the '494 patent in this case when it
23  filed its motion for leave to amend its complaint to assert the '494 patent, so it can hardly protest
24  consolidation now. (*See* D.I. 45.) Finjan's new-found opposition to consolidation seems to arise
25  out of its belated realization that adding the '494 patent to this case would necessitate minor
26  scheduling adjustments. Finjan's protests about Websense's proposed schedule modifications
27  should be afforded no weight because Finjan created the scheduling problems. Indeed, had it
28  been forthcoming with the Court and counsel before the Rule 26 case management conference,

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

6.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

1 the schedule would have been adjusted to accommodate the assertion of the '494 patent.

2 Unlike Finjan, which will experience no meaningful inconvenience from consolidation, Websense will be materially and unfairly prejudiced if consolidation does not occur. Websense would be forced to litigate two different cases on different schedules that involve overlapping parties, products, witnesses, technology, and related patents. And, if Finjan has its way, Websense would be forced to prepare invalidity contentions and claim construction disclosures for the '494 patent on an accelerated schedule, which would unfairly place the burden associated with Finjan's late assertion of the '494 patent squarely on Websense and which would force Websense to conduct its technical invalidity and claim construction analysis on a highly accelerated schedule. (Batcher Decl. Ex. F.) Websense should be afforded the standard time for those tasks under the Northern District's rules. Furthermore, Finjan's proposal would prejudice Websense by forcing it to prepare for and attend two trials, rather than one. (*Id*.)

### D. The Court Should Adopt Websense's Proposed Schedule.

The Court's recent sixty-day continuation of all deadlines in this case makes consolidation and a corresponding adjustment of deadlines even more sensible. In fact, under Websense's proposed schedule, the '494 patent can be added to this case and the parties can prepare infringement and invalidity contentions and conduct claim construction under a schedule that is only about **ten days or less behind the current case schedule** as it exists after the Court's sixty-day extension of deadlines. Websense's proposed schedule eliminates the waste of separate claim construction, discovery, and trial of two cases that are so closely related. Websense's proposal also provides reasonable deadlines for the parties to prepare infringement and invalidity contentions and to conduct claim construction, so that no party will be prejudiced by either inordinate delay or a prejudicially compressed schedule. Websense's proposed schedule modifications are included in Appendix A.

By contrast, Finjan's proposal would unduly compress the claim construction schedule for the '494 patent and fail to provide Websense sufficient time to research and prepare its invalidity contentions. (Batcher Decl. Ex. F.) Under the default schedule provided by this court's Patent Local Rules, patent defendants have many months (e.g., from the filing of the complaint through

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

7.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

the initial case management conference, then at least 59 more days after the CMC) to research potential prior art for any asserted patents. Under Finjan's proposal, Websense would have less than three months since it first became aware of the '494 patent until the deadline for service of infringement contentions. (*See* Appendix A.) As for claim construction deadlines, Finjan has previously taken the position that compressing claim construction would prejudice it, so it is surprising that Finjan now inconsistently argues for compression of the claim construction schedule in the '494 patent case. (*See* D.I. 35 at 28:8-18 ("Websense proposes cutting the time for claim construction discovery nearly in half. This would unfairly deprive Finjan of the full opportunity to develop its claim construction positions.").)

### E. The Equities Favor Consolidation and Adoption of Websense's Proposed Schedule.

In addition to all of the foregoing considerations, the equities favor consolidation and adoption of Websense's proposed schedule because Finjan was not diligent in raising the issue of the '494 patent. Finjan has known that the '494 patent would issue since **October 25, 2013** when the USPTO issued a notice of allowance. (*See* Batcher Decl. Ex. E.) Finjan paid the issue fee for the '494 patent on **January 23, 2014** at which time it knew the patent would issue within a few weeks. (*See id.*) As of January 23, 2014 the only precondition to issuance of the '494 patent was the ministerial step of printing and publishing the patent. Yet Finjan never mentioned its intent to assert the '494 patent against Websense, including in the parties' Rule 26 conference in January, the February 8, 2014 joint case management conference statement, the February 14, 2014 case management conference, or Finjan's February 28, 2014 infringement contentions. (*See* D.I. 35; (Batcher Decl. ¶ 2.) At any of these points, Finjan could have raised the issue of the '494 patent and the parties and Court could have adjusted the schedule to account for the new patent. But Finjan stayed silent until the day of the deadline to amend pleadings. Its lack of diligence underscores the fact that Finjan is responsible for the scheduling issues that have developed. The Court should grant Websense's Rule 42 motion to consolidate to minimize any burden to Websense resulting from Finjan's tardy disclosure of its newly-issued patent.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

8.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

## IV. CONCLUSION

For the foregoing reasons, Websense respectfully requests that Case No. 14-cv-1353 be consolidated under Rule 42 for all purposes including trial with Case No. 13-cv-4398, and that the schedule in the consolidated case be adjusted as set forth in Appendix A.

DATED: April 7, 2014

Respectfully submitted,

By: */s/Anthony M. Stiegler*

COOLEY LLP
ANTHONY M. STIEGLER (Bar No. 126414)
(astiegler@cooley.com)
PAUL BATCHER (Bar No. 266928)
(pbatcher@cooley.com)
BRIAN LAM (Bar No. 272624)
(blam@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:     (858) 550-6000
Facsimile:      (858) 550-6420

ORION ARMON (pro hac vice)
(oarmon@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099
Attorneys for Defendant
WEBSENSE, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

9.

WEBSENSE, INC.'S MOTION TO
CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)

# Appendix A

| Event | Current Deadline per Court's 3/24/14 Order (D.I. 50) | Websense's Proposed Date/Deadline | Finjan's Proposed Date/Deadline |
|---|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | N/A | April 23, 2014 | (April 22, 2014)* |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | June 13, 2014 | June 23, 2014 | April 14, 2014 (June 6, 2014)* |
| Exchange of Proposed Terms for Construction | June 27, 2014 | July 7, 2014 | April 28, 2014 (June 17, 2014)* |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | July 18, 2014 | July 28, 2014 | May 19, 2014 (July 8, 2014)* |
| Joint Claim Construction and Prehearing Statement. | August 12, 2014 | August 22, 2014 | July 29, 2014 |
| Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | September 12, 2014 | September 19, 2014 | August 15, 2014 |
| Claim Construction Briefs – opening brief | September 26, 2014 | October 6, 2014 | August 29, 2014 |
| Claim Construction Briefs – responsive brief | October 10, 2014 | October 20, 2014 | September 12, 2014 |
| Claim Construction Briefs – reply brief | October 17, 2014 | October 27, 2014 | September 19, 2014 |
| Claim Construction Hearing (including technology tutorial). | To be scheduled by the Court per 3/24/2014 Order | November 10, 2014 (subject to the convenience of the Court's calendar) | October 10, 2014 (subject to Court convenience) |

*Dates in parentheses are Finjan's proposed dates for Case No. 14-cv-1353.

50893673

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

10.

WEBSENSE, INC.'S MOTION TO CONSOLIDATE CASES
CASE NO. 13-CV-04398 JSW (KAW)