UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINJAN, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEBSENSE, INC.,<br><br>　　　　Defendant. | Case No. 13-cv-04398-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S ADMINISTRATIVE MOTION TO BRIEF MORE THAN TEN CLAIM TERMS FOR CONSTRUCTION**<br><br>[ECF 96] |

Before the Court is Defendant's administrative motion to brief more than ten claim terms for construction, and for additional pages for claim construction briefing. In short, Defendant asks this Court to permit it to brief seven additional disputed terms beyond the ten the parties have already requested the Court construe at the upcoming November 21, 2014 *Markman* hearing, *see* ECF 96 at 2, and requests an additional fifteen pages for opening and response briefs, and an additional five pages for reply briefs, in order to brief these added terms. *Id.* at 5. Plaintiff opposes Defendant's Motion. *See* ECF 99.

The Court DENIES Defendant's Motion, without prejudice. Patent Local Rule 4-3(c) creates a presumptive limit that the Court should construe no more than ten claim terms. Plaintiff is correct that this limit serves as a reasonable and effective case management tool at this stage of the litigation, particularly as Plaintiff has previously agreed to narrow its asserted claim terms prior to trial. *See* ECF 94 at 1. The additional terms Defendant requests the Court construe now may be terms that a jury never encounters.

Defendant is correct that "[w]hen the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to construe it." ECF 96 at 3 (citing *O2 Micro Int'l v. Beyond Innovation Techs. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). If a fundamental dispute

persists between the parties, Defendant may request that the Court construe additional terms beyond the ten presently before it. *See Finisar Corp. v. Oplink Comm'ns, Inc.*, 2011 WL 7102553, at *1 (N.D. Cal. Nov. 17, 2011) ("To the extent that construction of additional terms may become necessary, the Court may revisit the issue at a later date."). However, Defendant provides the Court no good reason to depart from Patent Local Rule 4-3(c)'s ten-term limit at this juncture. Defendant may later seek leave of court, at an appropriate stage of the litigation, to request that the Court construe additional claim terms if the parties are unable to themselves resolve such a dispute.

Defendant's further request for additional pages for briefing is DENIED AS MOOT, as the Court has denied its request to brief additional terms.

**IT IS SO ORDERED.**

Dated: September 17, 2014

_____
BETH LABSON FREEMAN
United States District Judge